IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR.NO. 1:18-cr-11-ALB-JTA-4 |
| | ) | |
| DENNIS REINALDO PERALTA | ) | |
| | ) | |

# **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on Defendant Dennis Reinaldo Peralta's motion for bond pending appeal (Doc. No. 647.) Peralta seeks release from federal custody pending appeal of his criminal conviction and sentence. Upon consideration of the pleadings and applicable statutes, the motion is due to be denied.

## I. BACKGROUND

On March 28, 2019, a jury found Peralta guilty of a drug distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 of the Controlled Substances Act. (Doc. No. 483.) Prior to sentencing, the court received a Presentence Report prepared by the United States Probation Office. (SEALED Doc. No. 536.) The report advised that under 21 U.S.C. § 841(b)(1)(A) Peralta was subject to a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. (SEALED Doc. No. 536 at ¶ 87). On June 26, 2019, Peralta was sentenced to 151 months in custody, to be followed by 60 months of supervised release. (Doc. No. 534.) Peralta was remanded to the custody of the United States Marshal at the conclusion of sentencing and was not permitted to self-surrender. (*Id*.

at 2.) On July 10, 2019, Peralta filed an appeal in the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 573.)

On October 11, 2019, Peralta filed this Motion for Bond Pending Appeal,[1] asserting that he is entitled to release pursuant to Federal Rule of Appellate Procedure 9(b) and 18 U.S.C. §§ 3143(b)(1) and 3145(c). After the government filed its response in opposition (Doc. No. 651), the court ordered both parties to file supplemental briefs addressing whether Peralta should be detained under 18 U.S.C. § 3143(b)(2). (Doc. No. 672.) Both parties have submitted additional argument as directed and this matter is ripe for review.

## II.  LEGAL STANDARD

The question of detention pending appeal is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3143. That statute requires that a defendant be detained pending appeal if he was found guilty of, *inter alia*, an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of more than ten years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3143(b)(2) ("The judicial officer *shall order* that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained."); 18 U.S.C. § 3142(f)(1)(B) (requiring detention for persons who are convicted of an offense for which the maximum sentence is life imprisonment or death); 18 U.S.C. § 3142(f)(1)(C)

---

[1] Peralta's motion misses the mark on many issues from erroneously asserting that he has a pending appeal in the Fifth Circuit to requesting a stay of his surrender date. (Doc. No. 647 at 2.) As previously mentioned, Peralta's appeal is pending in the Eleventh Circuit (Doc. No. 573) and he was not permitted to self-surrender (Doc. No. 534 at 2).

(requiring detention for persons who are convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)).

Notwithstanding, a defendant subject to mandatory detention under § 3143(b)(2) may be released during the pendency of his appeal upon a showing of "exceptional circumstances" and satisfaction of certain criteria. *See* 18 U.S.C. § 3145(c) ("A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.").[2] Success under § 3145(c) requires a defendant to demonstrate that, despite being subject to detention pursuant to § 3143(b)(2), he satisfies the criteria in § 3143(b)(1) and shows exceptional reasons as to why detention is not appropriate. A defendant bears the burden of demonstrating his entitlement to release pending appeal. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

### III.   DISCUSSION

#### A. Peralta is subject to mandatory detention under 18 U.S.C. § 3143(b)(2).

At sentencing Peralta was subject to a minimum term of imprisonment of ten years and a maximum term of life under the sentencing provisions of the Controlled Substances

---

[2] The court need not worry about whether appellate jurisdiction is established under § 3145(c) as the Eleventh Circuit has ruled "a district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of § 3145(c)." *United States v. Meister*, 744 F.3d 1236, 1237 (11th Cir. 2013).

Act.  (*See* SEALED Doc. No. 536 at ¶ 87.)  He was therefore subject both to a sentence described in § 3142(f)(1)(B) and a sentence described in § 3142(f)(1)(C).  Consequently, Peralta was subject to mandatory detention pending appeal under § 3143(b)(2). *See United States v. Cropper*, 361 F. Supp. 3d 1236, 1241-42 (N.D. Ala. 2019) (holding that a defendant subject to a maximum sentence of life imprisonment pursuant to 18 U.S.C. § 924(e) was ineligible for release pending appeal under 18 U.S.C. §§ 3143(b)(2) and 3142(f)(1)(B)); *United States v. Feliciano*, No. 06-20149-CR-Lenard, 2007 WL 9735342 (S.D. Fla. June 13, 2007) (finding detention mandatory because offenses and sentence fell within 18 U.S.C. §§ 3143(b)(2) and 3142(f)(1)(A-C)).

### B. Peralta does not meet the conditions set forth in 18 U.S.C. § 3143(b)(1).

With respect to satisfaction of the criteria in § 3143(b)(1), Peralta must satisfy two requirements.  The requirements of § 3143(b)(1), in relevant part, are:

> **(b)  Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds
>
> (A)  by clear and convincing evidence that the <u>person is not likely to flee or pose a danger to the safety of any other person or the community if released</u> under section 3142(b) or (c) of this title; <u>and</u>
>
> (B)  that the appeal is not for the purpose of delay and raises a <u>substantial question of law or fact likely to result in</u> –
>
> > (i)  reversal,
> > (ii)  an order for a new trial,
> > (iii)  a sentence that does not include a term of imprisonment, or
> > (iv)  a sentence that does not include a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

4

18 U.S.C. § 3143(b)(1)(A-B) (emphasis added).  With respect to the first requirement under § 3143(b)(1), the court finds that Peralta meets the requirement.  Peralta assures the court that he will neither flee nor pose a danger to the community if released because he is a United States citizen with family in New York and Georgia, his permanent home.  (Doc. No. 647 at 4.)  He asks the court to take notice that his convictions are for non-violent offenses and there are no grounds for a finding that he is likely to engage in any dangerous activity.  (*Id.*)  Having reviewed the summary of Peralta's non-violent criminal history and family data in the Presentence Report, the court finds by clear and convincing evidence that, if released pending appeal, he will neither flee nor engage in violent behavior.  Peralta therefore meets the requirements of § 3143(b)(1)(A).

With respect to the second requirement under § 3143(b)(1), Peralta falls short. Peralta must demonstrate that his appeal is not for the purpose of delay <u>and</u> that it raises a <u>substantial question</u> of law or fact likely to result in reversal, a new trial, a non-prison sentence, or a reduced sentence that is less than his time served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1)(B).  A defendant has presented a "substantial question" if the issue is "one of more substance that would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way."  *Giancola*, 754 F.2d at 901.  Furthermore, the phrase "likely to result in reversal or an order for a new trial" means that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial."  *Id*. at 900.  In his motion, Peralta

informs the court of his two appellate claims: (1) the district court erroneously denied a requested jury instruction on the use of circumstantial evidence; and (2) there was insufficient evidence presented at trial showing that he engaged in illegal activity in the Middle District of Alabama. (Doc. No. 647 at 6-7.) Both issues are related to his primary argument that the evidence presented during trial was insufficient to convict him of being involved in a conspiracy to distribute controlled substances in this district. The court addresses each appeal issue in turn and concludes that Peralta has not demonstrated that his issues on appeal satisfy the requirements of § 3143(b)(1)(B).

### 1. Jury Instruction

Peralta is appealing the trial court's denial of his proposed jury instruction that read

> [I]f you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act(s) he is charged with, then that is an insufficient basis for conviction. Circumstances merely causing a suspicion of guilt are not sufficient to justify a conviction of crime.

(Doc. No. 647 at 6; Doc. No. 290 at 12.) He asserts that his instruction was "substantially correct" and the trial court's refusal to so instruct "seriously impaired" his ability to present an effective defense. (Doc. No. 647 at 6.) The government countered that the jury instruction was debated at length during trial and was properly denied. (Doc. No. 651 at 4.)

The Eleventh Circuit "will not reverse a conviction on the basis of a jury charge unless 'the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process.'" *United States v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014). The test for reversal based on a denied instruction is

"(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *United States v. Culver*, 598 F.3d 740, 751 (11th Cir. 2010) (trial court adequately covered circumstantial evidence and reasonable doubt despite rejecting defendant's requested instruction on both topics).  Here, the court finds that Peralta's appeal of the jury instruction does not pose a substantial question of law or fact that is likely to result in any of the positive outcomes listed in 18 U.S.C. § 3143(b)(1)(B)(i-iv).  The record shows that the trial court gave an instruction on circumstantial evidence from the Eleventh Circuit Pattern Jury Instructions that was submitted by the government.  (Doc. No. 447 at 5; Doc. No. 481 at 4.)  Hence, the court finds that the trial court's jury instruction accurately conveyed the substantive law and there is no evidence that failure to give Peralta's requested instruction substantially impaired his ability to present an effective defense.  Accordingly, Peralta's jury instruction issue fails to satisfy § 3143(b)(1)(B).

### 2. Judgment of Acquittal and Venue Issues

Peralta's appeal as to the sufficiency of the evidence presented against him at trial specifically questions whether his criminal activity occurred in Alabama.  (Doc. No. 647 at 6.)  The government responds that he is raising a garden-variety sufficiency claim and urges the court to find that a substantial question is not presented where a defendant complains of sufficiency of the evidence versus a total lack of evidence.  (Doc. No. 651 at 5 (citing *United States v. Fernandez*, No. 87-0217-CR-Nesbitt, 1988 WL 34941, at *2 (S.D.

7

Fla. April 13, 1988) (noting that every defendant would be entitled to bond pending appeal if sufficiency of the evidence claims were considered substantial questions)).)

The court is unpersuaded by Peralta's argument. The trial court addressed Peralta's sufficiency of the evidence and venue claims when it denied his motion for judgment of acquittal. (Doc. No. 660 at 142-143.) The trial court concluded that the issues were "best resolved by a jury" and found that there was sufficient evidence for the jury to find Peralta guilty of the charge of conspiracy to distribute. (*Id*.) Peralta's disagreement with the trial court's findings is not enough to fulfill his burden of raising a substantial question of law or fact as required under 18 U.S.C. § 3143(b)(1)(B). Accordingly, Peralta's sufficiency of the evidence issue fails to satisfy § 3143(b)(1)(B).

C. **There are no exceptional reasons warranting Peralta's release pending the outcome of his appeal.**

Peralta asks the court to use its discretion to find exceptional reasons to grant relief and appears to rely solely on his non-violent criminal history and positive characterization of his appellate issues. (Doc. No. 682 at 1-2, 4.) This does not suffice.

This court has found that "exceptional reasons" are not defined by the statute and the "legislative history on the issue is sparse and uninformative." *United States v. Johnson*, No. 2:17cr221-MHT, 2018 WL 4922724, at *2 (M.D. Ala. October 10, 2018) (finding exceptional reasons based on recent death of defendant's father and need for him to resolve father's financial matters); *see also Meister*, 744 F.3d at 1237 (defendant's terminal cancer and short life expectancy qualified as exceptional reasons under § 3145(c)). The Second Circuit has found that "exceptional circumstances" present "a unique combination of

circumstances giving rise to situations that are out of the ordinary." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). The Seventh Circuit has held that exceptional circumstances are not presented by the likelihood that a case would be overturned on appeal. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992). Exceptional reasons also are not presented when incarceration creates hardships for family members who, for health or financial reasons, rely on a defendant for support. *See United States v. Brizuela*, No. 1:18CR1-1, 2019 WL 5684508, at *2-3 (N.D. W. Va. Nov. 1, 2019); *United States v. Harrison*, No. 6:05-cr-17 (HL), 2006 WL 8444002, at *4 (M.D. Ga. Sept. 1, 2006).

Because Peralta offers nothing more than a showing that he will not flee and will not be a danger to his community, he has failed to clearly show that "exceptional reasons" exist that warrant his release on bond pending appeal. Simply put, Peralta has not met his burden under § 3145(c) and therefore cannot overcome mandatory detention under § 3143(b)(2). *Giancola*, 754 F.2d at 901.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion for Bond Pending Appeal (Doc. No. 647) be DENIED. It is further

ORDERED that **on or before February 7, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not

appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of factual findings and legal issues covered in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of January, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE